UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ARDELL L. JENKINS,

Plaintiff,

v.

UGENE, SCOTT, AYANNA, and
ANOKA COUNTY HUMAN SERVICE
ECONOMIC ASSISTANCE,

Defendants.

Case No. 19-CV-1090 (ECT/SER)

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff Ardell L. Jenkins's (1) Complaint, ECF No. 1, and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (IFP Application). For the following reasons, the Court recommends (1) dismissing this action without prejudice, and (2) denying the IFP Application as moot.

After reviewing the IFP Application, the Court concludes that Jenkins qualifies financially for IFP status. That said, an IFP application will be denied, and an action dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *see also Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *McChesney v. Fed. Election Comm'n*, 900 F.3d 578, 583 (8th Cir. 2018) (citing *Petrie ex rel. PPW Royalty Tr. v. Barton*, 841 F.3d 746, 753 (8th Cir. 2016)). The complaint's factual allegations need not be detailed, but must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, the court may disregard legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Between the Complaint and the IFP Application, Jenkins appears to name four Defendants: "Ugene," "Scott," "Ayanna," and the "Anoka County Human Service Economic Assistance." Compl. 1; IFP Appl. 1. (By the last of these, Jenkins likely means Anoka County's Human Services Division, which appears to administer the county's Economic Assistance program. *See* Anoka Cty., Human Services Division (undated), *available at* https://www.anokacounty.us/1059/Human-Services (last accessed May 30, 2019).) The Complaint's sole substantive allegation reads as follows: "I have been ignore about my mental illness and the help and need that are offer through the government, for my benefits." Compl. 2 (errors in original).

The Court is sympathetic to Jenkins's situation.  Standing alone, however, his allegation is insufficient to state a cause of action for which relief can be granted.  As a threshold point, there are no specific allegations detailing what any of the Defendants did that violated the law.  When a complaint lacks any allegations about a defendant, it plainly fails to state a claim on which relief may be granted as to that defendant.  *See, e.g.*, *Jefferson v. Roy*, No. 16-CV-3137 (WMW/SER), 2017 WL 4325704, at *3 (D. Minn. Sept. 28, 2017).  Furthermore, it is not at all obvious what laws (if any) may have been violated here.  Jenkins cites no particular statutes or causes of action, and the Court is unaware of any that plausibly apply.

Because the Complaint fails to state a cause of action for which relief can be granted, the Court recommends dismissing this action without prejudice.  Given the action's dismissal, the Court further recommends denying the IFP Application as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED without prejudice.

2. Plaintiff Ardell L. Jenkins's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) be DENIED as moot.

Dated: June 11, 2019             s/ *Steven E. Rau*
                                 Steven E. Rau
                                 U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).